IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LUKUNDA MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil No. 23-2128 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon its March 27, 2024 Order, [Docket No. 24 ("**Order**")], requesting supplemental briefing regarding whether the Court has subject matter jurisdiction to hear Plaintiff Lukunda Muhammad's claim that the Social Security Administration unlawfully garnished his disability benefits. The Commissioner of Social Security ("**Commissioner**") submitted his supplemental brief on May 24, 2024. [Docket No. 47 ("**Def.'s Supp. Br.**").] Plaintiff did not submit a response. Because the Commissioner has now come forward with facts demonstrating that Plaintiff's social security benefits were garnished pursuant to a state court child support order regular on its face, the Court **DISMISSES** the Complaint for lack of subject matter jurisdiction.

1

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action *pro se* alleging that the Social Security Administration ("**SSA**") unlawfully garnished his Title II disability benefits. He alleges that upon updating his direct deposit information at the Gloucester County Social Security Office, an employee informed him that the SSA would be deducting $25 and a $3,171.60 lump sum of benefits due to him through January 2023 pursuant to a child support garnishment order. [Docket No. 1-1 ("**Compl**.") at 2.] The employee informed Plaintiff that the SSA would continue to garnish $25 per month from Plaintiff's benefits in furtherance of that order. [*Id.*] Plaintiff later received formal notice from the SSA explaining the same. [Docket No. 1-6.]

Plaintiff alleges that he is under no such court-ordered child support obligations either in New Jersey, where he currently resides, or in Wisconsin where, he previously resided. [*See* Compl. at 3.] More specifically, Plaintiff alleges that he has a 27 year-old son and that he no longer owes child support obligations to that son. [Compl. at 3; *see also* Docket No. 1-8 (June 9, 2014 letter from Milwaukee County Child Support Services to Plaintiff providing notice to Plaintiff that his child support obligations were soon to terminate upon his son's eighteenth birthday).]

The Commissioner moved to dismiss the Complaint under Rule 12(b)(6) arguing that Plaintiff failed to state a claim for relief because he had not yet exhausted his administrative remedies prior to making a claim for benefits. [*See* generally Docket No. 24.] This Court, however, was not convinced that Plaintiff was in fact challenging

2

a prior determination of benefits or making a new claim for benefits such that there were any remedies for him to exhaust. [Order at 2.] Instead, it appeared to the Court that Plaintiff was challenging the Social Security Administration's basis to garnish his benefits pursuant to a valid child support order. [*Id.* (citing Compl. at 3 ("[Plaintiff] doesn't have a child support, alimony, or court ordered victim restitution."))]. Accordingly, the Court ordered the Commissioner to explain (i) why the Complaint alleges a claim for benefits such that there are any remedies for Plaintiff to exhaust; and (ii) whether garnishment of Plaintiff's benefits was pursuant to a legal process "regular on its face." [Order at 4.] The latter showing was particularly important because federal courts do not have subject matter jurisdiction to hear a challenge to the garnishment efforts of the United States and federal agencies. 42 U.S.C. § 659(f) (prohibiting civil actions seeking to challenge the garnishment efforts of the United States and federal agencies); *see also El-Amin v. Kijakazi*, 2022 WL 3337277, at *7 (M.D. Pa. May 31, 2022), *R&R adopted*, 2023 WL 4002477 (M.D. Pa. June 14, 2023), *aff'd sub nom. El-Amin v. Comm'r of Soc. Sec.*, 2023 WL 7123775 (3d Cir. Oct. 30, 2023). So, if the SSA provided evidence that the garnishment of Plaintiff's benefits was pursuant to a facially valid support order, this Court would have to dismiss the Complaint for lack of subject matter jurisdiction.

      The Commissioner's supplemental brief concedes that Plaintiff is not challenging a prior determination of benefits or alleging a new claim for benefits such that there are any remedies for him to exhaust. [Def.'s Supp. Br. at 1 n.1] Now correctly characterizing Plaintiff's lawsuit as alleging an unlawful garnishment of his

3

disability benefits without a court order, the Commissioner argues that the Court is without subject matter jurisdiction because the garnishment of Plaintiff's disability benefits was pursuant to a legal process "regular on its face." [*Id*. at 1.]

In his supplemental brief, the Commissioner attaches a July 13, 2009 order from the Milwaukee County Circuit Court, Family Division finding that Plaintiff owed $8,000.00 in child support arrears as part of his divorce decree (the "**Divorce Decree**"), which was to be garnished in an amount of $25 per month. [Docket No. 47-1, Declaration of Lisa Dungee ("**Dungee Decl**.") ¶ 2(a); Dungee Decl., Ex. 1.][1] Following Plaintiff's receipt of disability benefits in January 2016, the State of Wisconsin served an Income Withholding Order on the SSA which directed the SSA to garnish $25 a month from Plaintiff's disability benefits in furtherance of the 2009 Divorce Decree. [Dungee Decl. at ¶ 2(c); Dungee Decl., Ex. 2.]

For unclear reasons, it does not appear that the SSA began garnishing Plaintiff's benefits pursuant to the Divorce Decree until January 2023, the same month that it provided notice to Plaintiff that his $3,171.60 disability benefit lump sum would be garnished in addition to $25 each month. [Dungee Decl. at ¶ 2(c); Dungee Decl., Ex. 3 at 2; *see* Docket No. 1-6 (notice of garnishment).][2] The SSA, in accordance with its

---

[1] Plaintiff appears to have fully participated in his divorce proceeding. [Dungee Decl., Ex. 1 at 1 (noting that Plaintiff appeared in person at Divorce Decree final hearing).]

[2] Upon notice by a State of an individual's court-ordered child support obligations, the federal government, within 15 days, must send written notice to the individual and, within 30 days, begin withholding sums from the individual's wages or benefits in compliance with the state court order. 42 U.S.C. § 659(c)(2)(A), (C). Those requirements appear unsatisfied here given the delay between issuance of the

own procedures, contacted the Wisconsin Bureau of Child Support to confirm both the arrears owed by Plaintiff and whether the Divorce Decree was still pending. [Dungee Decl., Ex. 4; *see also* SSA, *Court Order Garnishment System*, IM-06-03 (Mar. 23, 2006), https://www.acf.hhs.gov/css/policy-guidance/social-security-administration-court-order-garnishment-system (describing that if an income withholding order is in place against a beneficiary, the SSA will hold all lump sum payments over $500, contact the relevant state child support enforcement program, and confirm if there should be a withholding of the lump sum and, if so, what amount) (last visited July 2, 2024). The Bureau confirmed that Plaintiff owed $20,811.16 in arrears and directed the SSA to disburse the lump sum in addition to the monthly amounts that remained due. [Dungee Decl., Ex. 4.] As directed by the Bureau, the SSA distributed the first $25 monthly garnishment payment and the lump sum to the Wisconsin Support Collections Trust. [Dungee Decl., Ex. 3.] Each month since January 2023, the SSA has continue to garnish $25 from Plaintiff's benefits. [*Id.*] As of May 10, 2024, Plaintiff still owed $18,721.54 in outstanding arrears, mostly comprised of interest payments accrued since the issuance of the Child Support Order in 2009. [Dungee Decl. at ¶ 2(c); Dungee Decl., Exs. 4–5.][3]

---

Income Withholding Order to the SSA in 2016 and the SSA's notice of garnishment to Plaintiff in January 2023. In any case, Plaintiff's allegation is that he is under no court-ordered child support obligations such that the SSA could garnish his disability benefits. [Compl. at 2 "[Plaintiff] doesn't have a child support order."]

[3]   Specifically, Plaintiff owes $5,301.69 in custodial arrears, $12,394.85 in custodial arrears interest, and $1,025.00 in receipt and disbursement fees. [Dungee Decl., Ex. 4.]

Upon the submission of evidence that Plaintiff's benefits were garnished pursuant to a valid legal process "regular on its face," the Court's Order required Plaintiff to show cause and explain why he should not be sanctioned for representing to the Court that he is not subject to any court-ordered support obligations. Plaintiff made no attempt to do so.[4]

## II.     LEGAL STANDARD

Motions to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) may be raised at any time, either by a party or *sua sponte* by the court. *Citizens United Reciprocal Exch. v. Meer*, 321 F. Supp. 3d 479, 485 (D.N.J. 2018). "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278, (1977)).

A challenge to subject matter jurisdiction can be facial or factual. *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial challenge "attacks the complaint on its face without contesting its alleged facts, [and] is like a [Rule] 12(b)(6) motion in requiring the court to consider the allegations of the complaint as true." *Hartig Drug Company, Inc. v. Senju Pharmaceutical Co. Ltd.*, 836 F. 3d 261, 268 (3d Cir. 2006) (internal references and quotation marks omitted). A court considering a facial

---

[4] Plaintiff has submitted plenty of other filings in this case. [*See generally* Docket Sheet.] They have consistently been frivolous and non-responsive with respect to the issues presented in this case. [*See, e.g.*, Docket No. 39 (describing the "[i]nternational [c]onspiracy of the [l]awyers to [d]estroy the United States from within").]

challenge assumes that the allegations in the complaint are true. *Cardio–Med. Assocs., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). By contrast, a factual challenge to subject matter jurisdiction does not require courts to assume the truth of a complaint's allegations and permits the Court to consider evidence extrinsic to the pleadings. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000), *holding modified on other grounds by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). The Commissioner's instant attack on subject matter jurisdiction is factual in nature because it requires the Court to evaluate whether the Child Support Order, a document extrinsic to the Complaint, is "regular on its face." *El-Amin*, 2022 WL 3337277, at *2, 7 (considering child support order attached to Commissioner's motion to dismiss, court lacked subject matter jurisdiction over a claim challenging SSA's garnishment of the plaintiff's benefits pursuant to a child support order).

### III. ANALYSIS

The Court lacks subject matter jurisdiction because garnishment of Plaintiff's disability benefits was made pursuant to the Divorce Decree and supporting Income Withholding Order, legal processes "regular on [their] face." *See* 42 U.S.C. § 659(f)(1).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The United States has provided a

limited waiver of its sovereign immunity with respect to "state-authorized garnishment proceedings of money due … for the enforcement of child-support obligations." *El-Amin*, 2023 WL 7123775, at *4. Specifically, 42 U.S.C. § 659(f)(1) provides that:

> Neither the United States, nor the government of the District of Columbia, nor any disbursing officer shall be liable with respect to any payment made from moneys due or payable from the United States to any individual pursuant to legal process regular on its face, if the payment is made in accordance with this section and the regulations issued to carry out this section.

In other words, as the Third Circuit has explained, § 659(f)(1) "enacts an absolute shield to government liability for payments made 'pursuant to legal process regular on its face.'" *El-Amin*, 2023 WL 7123775, at *4 (quoting *United States v. Morton*, 467 U.S. 822, 834–36 (1984)); *see also Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 30 (11th Cir. 2010). As relevant here, § 659 "permits the federal government to serve as a third-party garnishee with respect to Social Security benefits paid to individuals who are in a[r]rears in their child support." *Ndika v. Maranon*, 2017 WL 819869, at *2 (E.D. Va. Mar. 2, 2017), *aff'd as modified*, 700 F. App'x 290 (4th Cir. 2017) (citing 42 U.S.C. §§ 659(a), 659(h)(1)(A)(ii)(II)).

Nothing in the record suggests that the Divorce Decree and Income Withholding Order were not facially valid legal processes to affect garnishment of Plaintiff's disability benefits. *See* § 659(i)(5) (defining legal process); *Morton*, 467 U.S. at 834–36 (explaining that, under § 659, the government need not look past the face of the document to determine if it is valid legal process). The Divorce Decree was entered by a state court competent to adjudicate matters involving child support. [*See* Dungee

8

Decl., Ex. 1.] Following Plaintiff's receipt of disability benefits, the State of Wisconsin issued the Income Withholding Order to the SSA, directing it to deduct $25 per month from Plaintiff's benefits. [*See* Dungee Decl., Ex. 2 (instructing SSA to return Income Withholding Order to sender if SSA believed it to not be "regular on its face").] And, consistent with its own procedures, the SSA withheld and distributed Plaintiff's $3,100 lump sum upon confirmation by the Wisconsin Bureau of Child Support that Plaintiff owed over $20,000 in arrears.[5]

In sum, the Court has no jurisdiction in this case because Plaintiff's disability benefits pursuant to facially valid state court legal processes. *El-Amin*, 2023 WL 7123775, at *5 (affirming dismissal of complaint for lack of subject matter jurisdiction and upholding District Court's determination that state court writ of garnishment was made "pursuant to legal process regular on its face; *Trimble v. U.S. Soc. Sec.*, 369 F. App'x 27, 32 (11th Cir. 2010) (same); *Dockery v. Berryhill*, 2019 WL 2480046, at *5 (E.D. Va. Jan. 3, 2019), *R&R adopted*, 2019 WL 1379933 (E.D. Va. Mar. 27, 2019) (facts alleged did not support a plausible finding that state court order appeared improper on its face); *Dockery v. Comm'r, Soc. Sec.*, 2016 WL 3087453, at *3 (D. Md. June 1, 2016) (same). If Plaintiff disagrees with the State of Wisconsin's decision to garnish his wages, he can bring a challenge in Wisconsin. *El-Amin*, 2023 WL 7123775, at *5. But he cannot sue the federal government.

---

[5] The Incoming Withholding Order also directed the SSA that it "may be required to notify" the State "of upcoming lump-sum payments" to Plaintiff and to contact the Wisconsin Bureau of Child Support for more information. [*Id.* at 2.]

9

Finally, the Court in reviewing the factual record is left with the unmistakable impression that Plaintiff was fully aware of his child support obligations having participated in his own divorce proceeding, [*see* Dungee Decl., Ex. 1 at 1 (noting that Plaintiff appeared in-person at the final hearing)], and that he has deliberately shirked those obligations for 15 years. Nonetheless, the Court finds that dismissal of this lawsuit is enough of a sanction against Plaintiff. [*See* Order at 4–5 (directing Plaintiff to show cause as to why he should not be sanctioned for representing in his pleading to the Court that he is not subject to any court-ordered support obligations).] The Court reserves the right to later impose sanctions if Plaintiff continues to submit frivolous filings.

### IV. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Complaint for lack of subject matter jurisdiction. An accompanying Order shall issue.

**July 2, 2024**  
Date

**s/Renée Marie Bumb**  
RENÉE MARIE BUMB  
Chief United States District Judge